UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIDAD ALIBABA AHADPOUR,<br><br>    Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER,<br><br>    Respondent. | Case No. 1:19-cv-00215-JDP<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>ECF No. 1 |

Petitioner Alidad Alibab Ahadpour, a federal detainee without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. Rule 4 was "designed to give courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The court may dismiss claims at screening for "easily identifiable" procedural defects. *Id*. I order petitioner to show cause why the petition should not be dismissed at screening for lack of jurisdiction.

**Background**

Petitioner states that he was ordered removed from the United States on October 26, 2018. ECF No. 1 at 5. At that time, petitioner was detained by the Mesa Verde Detention Center

("Mesa Verde"), an Immigration and Customs Enforcement ("ICE") processing facility. *Id*. The removal order provided Mesa Verde with 90 days to remove petitioner, or until January 24, 2019. *Id*. On February 14, 2019 petitioner filed this writ of habeas corpus, claiming that Mesa Verde was holding him beyond his removal date in violation of federal law. *Id*.

The court has reviewed ICE's Online Detainee Locator System and takes judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/index (search "Search by Biographical Information" for "Alidad Alibaba Ahadpour"). No record of petitioner appears in this system. Petitioner has not notified this court of an updated address or made any further filings.

**Discussion**

Custody is a jurisdictional prerequisite for habeas relief, *see Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983); a petitioner must be "in custody" to challenge his detention. *See* 28 U.S.C. § 2241(c). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Custody includes physical detention and "other restraints on a man's liberty, restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963). Individuals subject to a final deportation order are "in custody" under Section 2241, whether or not they are detained. *See Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995) ("We have broadly construed 'in custody' to apply to situations in which an alien is not suffering any actual physical detention; i.e., so long as he is subject to a final order of deportation, an alien is deemed to be 'in custody' for purposes of the INA, and therefore may petition a district court for habeas review of that deportation order."). However, once an individual's removal is accomplished, he or she is no longer in custody for purposes of habeas corpus. *See Miranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir. 2001) ("Miranda cannot avail himself of habeas corpus jurisdiction because he has already been removed and therefore is no longer 'in custody.'").

Here, petitioner's sole claim is that Mesa Verde is detaining him beyond his removal date, in violation of his removal order. Petitioner has presented no evidence that he has not been

removed. It appears that petitioner has been removed from the United States and is therefore no longer subject to his removal order. If so, this court lacks jurisdiction to hear his habeas petition. I order petitioner to show cause as to why his petition should not be dismissed for lack of jurisdiction.

**Order**

Accordingly,

1. Within 30 days from the date of this order, petitioner must show cause as to why his petition should not be dismissed for lack of jurisdiction.
2. Failure to obey this order may result in dismissal of the petition.

IT IS SO ORDERED.

Dated: November 21, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.