UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIDAD ALIBABA AHADPOUR,<br><br>              Petitioner,<br><br>   v.<br><br>MATTHEW G. WHITAKER,<br><br>              Respondent. | Case No. 1:19-cv-00215-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO PROSECUTE<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Alidad Alibab Ahadpour, a former federal detainee without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. On November 21, 2019, we ordered petitioner to show cause why his petition should not be dismissed for lack of jurisdiction. ECF No. 6. On December 6, 2019, the order was returned to this court unserved with a notation that petitioner is no longer in federal immigration detention. Petitioner had until February 13, 2019 to update his address with the court and he has failed to do so. Having received neither any objections to our order to show cause nor notice of an updated address, we recommend that this case be dismissed for failure to prosecute.

**Discussion**

The court may dismiss a case for a petitioner's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*,

1

403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden on the parties. *See* Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, petitioner has not complied with our order to show cause why his petition should not be dismissed. ECF No. 6. And he has not updated his address with the court, as required by the local rules. Local Rule 183(b) ("If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."). Therefore, we find that petitioner has failed to prosecute his case and recommend its dismissal.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's dismissal of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, we recommend that the court decline to issue a certificate of appealability.

**Order**

The clerk of court is directed to assign this case to a district judge who will review these findings and recommendations.

**Findings and Recommendations**

For the foregoing reasons, we recommend that the court dismiss this case for failure to prosecute. These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. Any such objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: ___February 25, 2020___        _____
                                       UNITED STATES MAGISTRATE JUDGE

No. 206.